```
        IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF TEXAS
                   HOUSTON DIVISION
```

| | |
|---|---|
| ANDRE MILLER,[1]  §<br>TDCJ-CID NO. 355728,  §<br>  §<br>     Petitioner,  §<br>  §<br>v.  §<br>  §   CIVIL ACTION NO. H-10-0496<br>RICK THALER, Director,  §<br>Texas Department of Criminal  §<br>Justice, Correctional  §<br>Institutions Division,  §<br>  §<br>     Respondent.[2]  § | |

### MEMORANDUM OPINION AND ORDER

Andre Miller, proceeding pro se, filed a Petition for a Writ of Habeas Corpus by a Person in State Custody (Docket Entry No. 1) on February 9, 2010, alleging an improper denial of credit for the time he served under mandatory supervision prior to the revocation of his parole. Pending before the court is Respondent Thaler's Motion for Summary Judgment with Brief in Support (Docket Entry No. 13). For the reasons stated below, the court will grant Thaler's motion for summary judgment and deny Miller's petition for a writ of habeas corpus.

---

[1] Also known as Andre Noble.

[2] The previous named respondent in this action was Nathaniel Quarterman. On July 15, 2009, Rick Thaler succeeded Quarterman as Director of the TDCJ-CID. Under FED. R. CIV. P. 25(d)(1) Thaler is automatically substituted as a party.

## I.  Factual and Procedural Background

A jury found Miller guilty of aggravated robbery and sentenced him to thirty-five years confinement on April 22, 1983, in the 232nd District Court of Harris County, Texas.[3]  Recounting a procedural history of Miller's appeal is unnecessary because Miller does not challenge the validity of his original conviction.[4] Instead, his petition disputes the denial of credit for "street time"[5] accrued prior to a parole revocation.[6]

The Texas Board of Pardons and Paroles granted Miller parole on February 4, 1997,[7] with an expectation of full discharge on December 30, 2017.[8]  Miller was arrested for possession and use of cocaine, making terroristic threats, and verbal harassment on December 18, 2006, exactly nine years, ten months, and fourteen

---

[3]Judgment of Conviction by Jury, Cause No. 371194, The State of Texas v. Andre Miller a.k.a. Andre Noble, included in State Habeas Corpus Record WR-71,665-01, Docket Entry No. 8, p. 71.

[4]Petition for a Writ of Habeas Corpus by a Person in State Custody, Docket Entry No. 1, pp. 6-8.

[5]"Street time" is the time credited towards a petitioner's sentence while he is on parole or mandatory supervision. Ex parte Spann, 132 S.W.3d 390, 392 n.2 (Tex. Crim. App. 2004).

[6]Petition for a Writ of Habeas Corpus by a Person in State Custody, Docket Entry No. 1, pp. 7-8.

[7]See Exhibit B to Respondent Thaler's Motion for Summary Judgment with Brief in Support, Docket Entry No. 13.

[8]Petition for a Writ of Habeas Corpus by a Person in State Custody, Docket Entry No. 1, Exhibit 002.

days after his release on parole.[9]  At the time of his arrest eleven years and twelve days remained on Miller's original sentence.  His mandatory supervision was subsequently revoked on January 30, 2007.[10]  Miller filed an application for a state writ of habeas corpus challenging the denial of credit against his sentence for the time he served on parole.[11]  The Texas Court of Criminal Appeals denied Miller's state habeas application without written order on the findings of the trial court without a hearing on March 18, 2009.[12]

Miller filed his Petition for a Writ of Habeas Corpus by a Person in State Custody on February 9, 2010, (Docket Entry No. 1). He asserts the following four grounds to support his habeas petition:

> (1) His liberty interest in the time he served while under mandatory supervision was violated when the state required forfeiture of street time credit.

---

[9] See Exhibit B to Respondent Thaler's Motion for Summary Judgment with Brief in Support, Docket Entry No. 13.

[10] Id.

[11] Application for a Writ of Habeas Corpus Seeking Relief from Final Felony Conviction, included in State Habeas Corpus Record WR-71,665-01, Docket Entry No. 8, p. 9.  Miller also challenged his underlying conviction and sentence in his state habeas application, but he did not include these claims in his federal petition.

[12] Application for a Writ of Habeas Corpus Seeking Relief from Final Felony Conviction, included in State Habeas Corpus Record WR-71,665-01, Docket Entry No. 8.  The Texas Court of Criminal Appeals took the same action when considering Miller's two subsequent state habeas applications, included in State Habeas Corpus Records WR-71,665-02 and WR-71,665-03.

    (2)    Denial of credit for street time without a hearing constituted a violation of the Due Process Clause of the Fourteenth Amendment.

    (3)    Denial of credit for street time was a constitutionally disproportionate action under the Equal Protection Clause of the Fourteenth Amendment because other parole offenders retained their street time credit.

    (4)    Texas Government Code § 508.149(a) was applied retroactively to deny him credit for street time, violating the Ex Post Facto Clause.[13]

All four of Miller's claims allege only an improper denial of credit for street time, and do not challenge his original conviction. Respondent argues that Miller is not entitled to receive credit for the time served while on parole pursuant to the guidelines for administrating sanctions against parole violators set forth under Texas Government Code § 508.283, and requests that summary judgment be granted.

## II. Analysis

### A. Standard of Review

Summary judgment is ordinarily appropriate when the pleadings show "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). An issue of material fact is considered genuine if the evidence produced is sufficient to persuade a reasonable jury to

---

[13]Petition for a Writ of Habeas Corpus by a Person in State Custody, Docket Entry No. 1, pp. 7-8. The claims presented by Miller are those resolved by the Texas Court of Criminal Appeals.

return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 106 S. Ct. 2505, 2510 (1986). The moving party bears the initial burden of proving the absence of any genuine issues of material facts. FED. R. CIV. P. 56(e); Celotex Corp. v. Catrett, 106 S. Ct. 2548, 2552 (1986). The non-movant, however, must establish the existence of a genuine issue of material fact once the movant's burden of proof has been satisfied. Smith v. Brenoettsy, 158 F.3d 908, 911 (5th Cir. 1998). The court traditionally resolves any doubts and draws any inferences in favor of the nonmoving party. Hunt v. Cromartie, 119 S. Ct. 1545, 1551-52 (1999).

The Fifth Circuit has held that the traditional rule providing for summary judgment governs only where no conflict with habeas rules exists. Smith v. Cockrell, 311 F.3d 661, 668 (5th Cir. 2002) (overruled on other grounds by Tennard v. Dretke, 142 S. Ct. 2562, 2565 (2004)). Miller's petition for a writ of habeas corpus is subject to review under the federal habeas statutes as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). 28 U.S.C. § 2254; Woods v. Cockrell, 307 F.3d 353, 356 (5th Cir. 2002). A petitioner challenging a state court decision on the merits is not entitled to relief unless the state court judgment:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d).

Pursuant to § 2254(d), habeas relief should be granted only where the state court decision is both incorrect and objectively unreasonable. Martin v. Cain, 246 F.3d 471, 476 (5th Cir. 2001) (citing Williams v. Taylor, 120 S. Ct. 1495, 1518 (2000)). In a habeas proceeding fact findings made by a state court are therefore "presumed to be correct", thus overriding the traditional method of discerning genuine issues of material fact described in Rule 56. Smith, 311 F.3d at 668. The court will therefore accept a state court's factual findings as true unless a habeas petitioner rebuts the presumption of correctness by clear and convincing evidence. Id. The court also liberally construes pro se petitions seeking habeas relief when identifying and interpreting a petitioner's challenges to imprisonment. Haines v. Kerner, 92 S. Ct. 594, 595-96 (1972) (per curiam).

**B. Applicable Law**

The chief question is whether Miller is entitled to receive credit against his sentence for street time. Under Texas law, eligibility for credit is determined by the statute in effect upon the revocation of parole. Ex parte Hernandez, 275 S.W.3d 895, 897 (Tex. Crim. App. 2009). Prior to September 2001 forfeiture of street time credit was an automatic consequence of parole

revocation.  Ex parte Spann, 132 S.W.3d 390, 393 (Tex. Crim. App. 2004).  Texas Government Code § 508.283, however, governs parole revocations that occurred after September 2001.  Ex parte Noyola, 215 S.W.3d 862, 864 (Tex. Crim. App. 2007).  The parole revocation at issue in this action occurred in 2007 and is thus controlled by § 508.283.[14]  Automatic forfeiture of street time credit is the general rule provided by § 508.283:

> (b) If the parole, mandatory supervision, or conditional pardon of a person described by Section 508.149(a) is revoked, the person may be required to serve the remaining portion of the sentence on which the person was released.  The remaining portion is computed without credit for the time from the date of the person's release to the date of revocation.  TEX. GOV'T. CODE § 508.283(b).

This provision incorporates Texas Government Code § 508.149(a), which includes a list of violent offenses for which parole is unavailable.  Ex parte Spann 132 S.W.3d at 393-94.  The incorporation of § 508.149(a) into § 508.283 invokes the version of § 508.149(a) current at the time of revocation.  Ex parte Noyola, 215 S.W.3d at 867 (holding the legislature intended the two sections to "work in tandem when determining whether an inmate is eligible for street-time credit").  Because the revocation of Miller's parole occurred in 2007,[15] the version of § 508.149(a) in effect in 2007 controls whether credit for street time must be forfeited.  The portions of the statute pertaining to Miller state:

---

[14]Petition for a Writ of Habeas Corpus by a Person in State Custody, Docket Entry No. 1, p. 5.

[15]Id.

>   (a) an inmate may not be released to mandatory supervision if the inmate is serving a sentence for or has been previously convicted of:
>
>   ....
>
>   12) a first degree felony under Section 29.03, Penal Code; TEX. GOV'T. CODE § 508.149(a).

Aggravated robbery is a first degree felony under § 29.03 of the Texas Penal Code. TEX. PENAL CODE ANN. § 29.03 (Vernon 2009).

Miller argues that § 508.283(b) does not apply to his parole revocation because he was convicted before § 508.149(a) was enacted. He claims instead that § 508.283(c) controls whether he is entitled to credit against his sentence for street time. That provision states:

>   (c) If the parole, mandatory supervision, or conditional pardon of a person other than a person described by Section 508.149(a) is revoked, the person may be required to serve the remaining portion of the sentence on which the person was released. For a person who on the date of issuance of a warrant or summons initiating the revocation process is subject to a sentence the remaining portion of which is greater than the amount of time from the date of the person's release to the date of issuance of the warrant or summons, the remaining portion is to be served without credit for the time from the date of the person's release to the date of revocation. TEX. GOV'T. CODE § 508.283(c).

Under § 508.283(c) a parole offender is entitled to credit for time served while under mandatory supervision only if two criteria are satisfied. First, the prisoner must not have been convicted of one of the aggravated offenses enumerated in § 508.149(a), therefore rendering § 508.283(b) inapplicable. Second, the

-8-

remaining portion of the prisoner's sentence must be less than the time accrued while on parole.  Ex parte Spann, 132 S.W.3d at 393.

**C.   Application of § 508.283 to Miller's Petition**

Miller is a person subject to the restrictions provided by § 508.149(a) because on April 22, 1983, he was convicted for aggravated robbery, a first degree felony under § 29.03 of the Texas Penal Code.  Miller therefore fails to satisfy the first criteria of § 508.283(c) for eligibility for street time credit.

Nor would Miller satisfy the second criteria for street time credit under § 508.283(c).  Credit for time served while on parole prior to revocation may be retained only when the amount of time spent on parole is greater than the time remaining on the original sentence.  Because the period of eleven years and twelve days remaining on Miller's initial sentence is greater than the nine years, ten months, and fourteen days he spent on parole, the court concludes that Miller is ineligible to receive credit for street-time under § 508.283(c).

**D. Constitutional Claims**

Miller's petition alleges four separate constitutional violations pertaining to the mandatory forfeiture of his street time credit.  A prisoner generally does not have a constitutional right to receive credit for time served while under mandatory supervision.  Morrisey v. Brewer, 92 S. Ct. 2593, 2600 (1972) ("If

a parolee is returned to prison, he usually receives no credit for the time 'served' on parole"); Newby v. Johnson, 81 F.3d 567, 569 (5th Cir. 1996) (petitioner's challenge to denial of credit for time served while on parole was meritless).

Miller argues that he has a fundamental liberty interest in the street time he accrued, and that requiring forfeiture of street time credit amounts to an infringement upon his interest. Retention of street time credit may become a protected liberty interest when both criteria enumerated in § 508.283(c) are satisfied. Whitley v. Dretke, 111 Fed. App'x 222, 223 (5th Cir. 2004) (citing Ex parte Spann, 132 S.W.3d at 390). The court has concluded, however, that Miller has not satisfied either criterion of § 508.283(c). Miller therefore has no cognizable liberty interest to violate. See Thompson, 263 F.3d at 426 (holding a prisoner has no liberty interest in the retention of street time upon parole revocation where the controlling law allows its forfeiture).

Miller also contends that his right to due process was violated because he was denied credit for street time without a hearing. Protection under the Due Process Clause is afforded only when a fundamental liberty interest is threatened. Sandin v. Conner, 115 S. Ct. 2293, 2300 (1995). Thus, without the existence of a liberty interest, the right to due process of the law cannot be violated. As discussed above, a parolee only has a protected

liberty interest in street time credit when both criteria of § 508.283(c) are satisfied, Whitley, 111 Fed. App'x. at 223. The court has already concluded that Miller did not meet the requirements of § 508.283(c). The court therefore concludes that Miller's claim fails because no liberty interest in the street time credits was created, and therefore denying him credit for street time did not deprive him of his right to due process.

Miller also invokes the Equal Protection Clause of the Fourteenth Amendment and claims that requiring him to forfeit his street time credit was a disproportionate sanction because other parole offenders retained their credit. Fourteenth Amendment jurisprudence recognizes that most legislation necessarily creates classes. Romer v. Evans, 116 S. Ct. 1620, 1627 (1996). The Equal Protection Clause therefore demands only that "all persons similarly situated be treated alike." Piotrowski v. City of Houston, 237 F.3d 567, 578 n.15 (5th Cir. 2001). The state denied Miller credit for the time he served while under mandatory supervision pursuant to § 508.283. This statutory scheme distinguishes between parole offenders who have been convicted of a violent offense enumerated in § 508.149(a) and those who were convicted of other offenses. All prisoners convicted under an offense listed in § 508.149(a) are subject to automatic parole revocation and forfeiture of street time credit. Mandating revocation of parole and forfeiture of street time for certain classes of prisoners based upon their underlying conviction is not

-11-

a denial of equal protection. Miller was convicted of aggravated robbery, an offense falling within the purview of § 508.149(a). Therefore, to succeed in demonstrating that a violation of the Equal Protection Clause has occurred, he must show that another parole offender also convicted under one of the offenses listed in § 508.149(a) received a lesser sanction. Miller has failed to produce any evidence in support of this allegation. The court concludes that the sanction imposed upon Miller was not in violation of the Equal Protection Clause.

Miller's last contention is that a violation of the Ex Post Facto Clause occurred when the state denied him credit for street time pursuant to a retroactive application of § 508.149(a), effectively increasing his sentence by approximately ten years. A violation of the Ex Post Facto Clause occurs only when the new change in the law is (1) applied retroactively, and (2) detrimental to the prisoner due to an increase in punishment or a change in the definition of the crime. Lynce v. Mathis, 117 S. Ct. 891, 896 (1997). In Texas parole revocations are governed by the statute in effect at the time of revocation, not conviction. Ex parte Hernandez, 275 S.W.3d at 897. Miller's contention fails because he incorrectly assumes that the statute relevant to parole revocation is the one in effect at the time of his conviction. Section 508.283 governs parole revocations occurring after September 2001 and incorporates by reference the current version of § 508.149(a). Ex parte Noyola, 215 S. W. 3d at 867. Miller's revocation occurred

-12-

in 2007, thus § 508.283, not the law current in 1983 at the time of his conviction, governs his parole revocation. Miller therefore fails to meet the requirement of retroactivity because revocation of Miller's parole occurred approximately six years after the reference to the current version of § 508.149(a) was included in the statutory scheme provided by § 508.283.

Miller must have also suffered detriment to successfully argue a violation of the Ex Post Facto Clause. Prior to September 2001, § 508.283 instructed that credit for street time be denied automatically upon revocation of parole. Ex parte Spann, 132 S.W.3d at 390; Thompson, 263 F.3d at 426 n.2 (noting that the statutory language of § 508.283 "ha[d] remained substantially unchanged since 1965"). Forfeiture of street time credit in the event parole is revoked is also provided for in the version of § 508.283 current in 2007. Miller would have been required to forfeit credit for all street time accrued regardless of the prevailing statutory scheme, and therefore he has suffered no detriment from the application of the current law. The court concludes that Miller has not satisfied either requirement necessary to prove a violation of the Ex Post Facto Clause.

The Texas Court of Criminal Appeals adopted the trial court's findings when it denied Miller's state habeas application. Such a determination is entitled to a presumption of correctness if it is "at least minimally consistent with the facts and circumstances of the case." Neal v. Puckett, 239 F.3d 683, 696 (5th Cir. 2001)

("[T]he 'unreasonable application' test under Section 2254(d) should [focus] on the ultimate legal conclusion that the state court reached and not on whether the state court considered and discussed every angle of the evidence."). The state court decision to deny Miller's state habeas application is reasonable because requiring Miller to forfeit street time credit does not amount to a violation of the United States Constitution or any federal laws. The court concludes that Miller is not entitled to habeas relief under 28 U.S.C. § 2254.

### III. Certificate of Appealability

Petitioner Miller did not request a Certificate of Appealability ("COA") on the claims denied in this action. The court, however, may deny a COA sua sponte. See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (per curiam). To obtain a COA, Petitioner Miller must substantially show a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Tennard, 124 S. Ct. at 2569 (2004). Denial of a constitutional right may have occurred when "reasonable jurists would find the assessment of the constitutional claims debatable or wrong." Elizalde v. Dretke, 362 F.3d 323, 328 (5th Cir. 2004) (quoting Slack v. McDaniel, 120 S. Ct. 1595, 1603 (2000)). Miller has not shown that reasonable jurists would find that a denial of a constitutional right has occurred or that the question is debatable. Therefore, the court will deny a COA.

## IV. Conclusion and Order

For the reasons explained above, the court **ORDERS** the following:

1. Respondent Thaler's Motion for Summary Judgment and Brief in Support (Docket Entry No. 13) is **GRANTED**.

2. Miller's Petition for a Writ of Habeas Corpus by a Person in State Custody (Docket Entry No. 1) is **DENIED**.

**SIGNED** at Houston, Texas, on this 11th day of August, 2010.

```
                    SIM LAKE
           UNITED STATES DISTRICT JUDGE
```